## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOHNNIE TUTTLE,<br>551 East Ganges Road,<br>Shiloh, OH 44878, | ) ) ) ) | CASE NO.:<br><br>JUDGE: |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| CHRIS OEHLER,<br>350 Hessenauer Drive,<br>Galion, OH 44833, | ) ) ) ) | **COMPLAINT** |
| & | ) ) ) | **Plaintiff demands a jury trial on all<br>issues triable of right by a jury.** |
| SHILOH INDUSTRIES, INC.,<br>c/o Shiloh Corporation, Statutory Agent,<br>402 Ninth Avenue,<br>Mansfield, OH 44905, | ) ) ) ) ) | |
| & | ) ) ) | |
| SHILOH CORPORATION,<br>c/o Steven E. Pryatel, Statutory Agent,<br>6055 Rockside Woods Blvd., #200,<br>Cleveland, OH 44131, | ) ) ) ) ) | |
| Defendants. | | |

## INTRODUCTION

1. Plaintiff Johnnie Tuttle ("Mr. Tuttle") is a United States citizen and Richland County, Ohio, resident.

2. Upon information and belief, Defendant Christopher Oehler ("Mr. Oehler") is a

1

United States citizen and Crawford County, Ohio, resident.

3.    Defendant Shiloh Corporation ("Shiloh Corp.") (hereinafter collectively with Shiloh Industries, Inc. known as "Shiloh" or the "Company") is a foreign corporation that maintains offices and regularly does business in Richland County, Ohio, and Medina County, Ohio.

4.    Defendant Shiloh Industries, Inc. ("Shiloh Industries" (hereinafter collectively with Shiloh Corp. known as "Shiloh" or the "Company") is a foreign corporation that maintains offices and regularly does business in Richland County, Ohio, and Medina County, Ohio.

5.    Shiloh hired Mr. Tuttle at its Mansfield Blanking Division on or about April 23, 1973.

6.    Mr. Tuttle is a "person" and an "employee" as Ohio Revised Code Chapter 4112 and the Americans with Disabilities Act of 1991, 29 U.S.C. §§ 12901 et seq., defines and uses those terms.

7.    Shiloh is an "individual" and an "employer" as Ohio Revised Code Chapter 4112 and the Americans with Disabilities Act of 1991, 29 U.S.C. §§ 12901 et seq., defines and uses those terms.

8.    This suit is authorized and instituted pursuant to Americans with Disabilities Act, 42 U.S.C. §§ 12901, et seq., pursuant to the Ohio Revised Code, prohibiting discrimination in employment on the basis of disability, and pursuant to Ohio common law. Jurisdiction of this action is conferred by 28 U.S.C. Section 1331 and Title VII, as amended. This Court has supplemental jurisdiction over state claims alleged herein pursuant to 28 U.S.C. Section 1367.

9.    The conduct, activity, and injuries that gave rise to these claims occurred in the Northern District of Ohio. Jurisdiction and venue are proper.

2

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

10.     Mr. Tuttle incorporates into this paragraph his allegations from each of the preceding paragraphs.

11.     Shiloh employed Mr. Tuttle at its Mansfield Blanking Division from his hire in April 1973 until his constructive discharge in 2007.

12.     Mr. Tuttle was qualified for the positions he held at all times during his employment with Shiloh.

13.     Mr. Tuttle successfully has performed his job responsibilities at all times during his employment with Shiloh.

14.     By their actions, Defendants created a hostile work environment that became intolerable, and Mr. Tuttle's working conditions became so difficult or unpleasant that a reasonable person in Mr. Tuttle's position would have felt compelled to resign from employment.    As a result, in 2007, Mr. Tuttle was constructively discharged from employment in violation of Ohio Rev. Code § 4112.02.

## COUNTS I & II
### (Disability Discrimination & Harassment)

15.     Mr. Tuttle incorporates into this paragraph his allegations from each of the preceding paragraphs.

16.     At all times relevant hereto, Plaintiff suffered from a disability within the meaning of Section 4112.01 of the Ohio Revised Code and 42 U.S.C. §§ 12101, et seq.

17.     At all times relevant hereto, Plaintiff was a qualified individual with a disability within the meaning of Section 4112.01 of the Ohio Revised Code and 42 U.S.C. §§ 12101, et seq.

18.     Defendants knew Plaintiff was disabled, knew Plaintiff had a record of disability, and regarded him as disabled.

3

19. Defendants discriminated against and harassed Plaintiff because of his disability and because Defendants regarded him as disabled by subjecting him to discriminatory terms and conditions of employment and a hostile work environment.

20. Defendants discrimination against and harassment of Plaintiff because of his disability and because Defendants regarded him as disabled included, among other things, subjecting Plaintiff to verbal, mental, emotional, and physical harassment and abuse, assaulting him, humiliating him, threatening him, sabotaging his work, and endangering his life.

21. Defendants authorized, participated in, witnessed the aforementioned conduct, which violated Section 4112.02 of the Ohio Revised Code and 42 U.S.C. §§ 12101 et seq.

22. Defendants' conduct as described herein was reported to Defendants, who failed to take prompt, remedial, and appropriate steps to address the unlawful treatment of Plaintiff.

23. Defendants' conduct violated Sections 4112.02 of the Ohio Revised Code and 42 U.S.C. §§ 12101 et seq., for which Defendants are liable for economic and non-economic compensatory damages, including pain and suffering, and the loss of salary and benefits, and other privileges and conditions of employment in accordance with 4112.99 of the Ohio Revised Code.

24. Defendants' conduct violated Sections 4112.02 of the Ohio Revised Code and 42 U.S.C. §§ 12101 et seq., and was willful, wanton, reckless and/or malicious, and renders defendants liable for economic and noneconomic compensatory damages, punitive damages, attorneys' fees, and costs in accordance with 4112.99 of the Ohio Revised Code.

## COUNT III
### (Assault and Battery)

25. Mr. Tuttle incorporates into this paragraph his allegations from each of the preceding paragraphs.

26. On or about February 8, 2007, Defendant Oehler, with substantial certainty that his act would bring about harmful and offensive contact to Mr. Tuttle, threatened to harm or touch Mr. Tuttle offensively, placed Mr. Tuttle in fear of such harmful and offensive contact, and did cause Mr. Tuttle to suffer such harmful and offensive contact.

27. Defendant Oehler's conduct took place during work hours, at the workplace, and he was in a position of authority or apparent authority over Mr. Tuttle. Shiloh is liable for the acts of Defendant Oehler under the doctrine of vicarious liability.

28. Shiloh is liable for the acts of Defendant Oehler based on its authorization of, participation in, witnessing, acquiescing to, and confirmation of the aforementioned conduct of Oehler.

29. Defendant Oehler's conduct was reported to Defendants, who failed to take prompt, remedial, and appropriate steps to address the unlawful treatment of Plaintiff.

30. Defendants' conduct as described above was done willfully, wantonly, recklessly and maliciously.

31. Because of Defendants' malicious and reckless conduct, Defendants are jointly and severally liable for economic and non-economic compensatory damages, punitive damages and attorneys' fees and costs.

5

## COUNT IV
### (Intentional Infliction of Emotional Distress)

32. Mr. Tuttle incorporates into this paragraph his allegations from each of the preceding paragraphs.

33. Defendants by their behavior intentionally or recklessly caused Mr. Tuttle severe emotional distress.

34. Defendants' conduct was extreme and outrageous beyond all bounds of decency.

35. Defendants' conduct has caused Mr. Tuttle harm, and no reasonable person could be expected to endure the harm caused by Defendants.

36. As a further direct and proximate result of the Defendants' wrongful conduct stated above, Mr. Tuttle has suffered extreme anguish, humiliation and emotional distress.

37. Defendant Oehler's conduct took place during work hours, at the workplace, and he was in a position of authority or apparent authority over Mr. Tuttle. Shiloh is liable for the acts of Defendant Oehler under the doctrine of vicarious liability, and based upon on its authorization of, participation in, witnessing, acquiescing to, and confirmation of the aforementioned conduct of Oehler.

38. Defendants' conduct as described above was done willfully, wantonly, recklessly and maliciously.

39. Because of Defendants' malicious and reckless conduct, Defendants are jointly and severally liable for economic and non-economic compensatory damages, punitive damages and attorneys' fees and costs.

## CONCLUSION

Plaintiff Johnnie Tuttle seeks an amount in excess of $25,000 to fully, fairly and justly compensate him for his injuries, damages and losses. He respectfully requests that this Court enter judgment in his favor and award him compensatory damages, actual damages, consequential damages, incidental damages, reliance damages, expectation damages, punitive damages, interest, fees and costs, and any additional legal or equitable relief as justice requires, including compensatory damages for emotional harm.

Respectfully submitted,

*/s/ Daniel P. Petrov*

DANIEL P. PETROV (0074151)
dpetrov@thllaw.com
CHRISTOPHER P. THORMAN (0056013)
cthorman@thllaw.com

*Attorneys for Plaintiff*

THORMAN & HARDIN-LEVINE CO., L.P.A.
The Bradley Building
1220 West Sixth Street, Suite 207
Cleveland, Ohio 44113
Phone (216) 621-9767
Fax (216) 621-3422

7